IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID BENS,

    Plaintiff,

v.

GLYNN COUNTY SUPERIOR
COURT and GLYNN COUNTY
PUBLIC DEFENDER OFFICE,

    Defendants.

CIVIL ACTION NO.: CV211-170

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff David Bens ("Plaintiff"), a detainee currently incarcerated at Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that the Glynn County Public Defender Office failed to inform him of: (1) his right to a grand jury indictment, (2) his right to a jury trial, and (3) when the next grand jury would convene. Plaintiff also claims that the prosecutor delayed in indicting him.[1] Finally, Plaintiff alleges that Glynn County Superior Court has ignored his "Motion to Indict or Dismiss." Plaintiff asserts that, as a result, his Sixth and Fourteenth Amendment rights were violated. Plaintiff seeks immediate dismissal of all charges pertaining to the warrants under which he was arrested.

Plaintiff names the Glynn County Public Defender Office and Glynn County Superior Court as Defendants in this case. To the extent that Plaintiff intended to also name the prosecutor as a defendant, the Court will discuss his claims. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission

---

[1] Because the prosecutor is responsible for bringing charges against a defendant, the Court will construe Plaintiff's claim to mean that the prosecutor delayed in doing that.

2

deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any allegations that the Glynn County Public Defender Office is a person acting under color of state law. Excusing the fact that the Public Defender Office is an entity as opposed to a person, Plaintiff's allegations do not state a claim under § 1983 because, "the Supreme Court has held 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Wilson v. Dollar-Thrifty Auto Group-South Fla. Transport, 286 F. App'x 640, 641–42 (11th Cir. 2008) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff's allegations against the Glynn County Public Defender Office are essentially ineffective assistance of counsel claims. Therefore, Plaintiff alleges harm caused by a private actor.

Plaintiff alleges violations of his rights by Glynn County Superior Court, which the Court construes as Plaintiff alleging he has been harmed by the judge. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Actions associated with Plaintiff's motion that is before the judge presiding over his criminal case are actions taken within that judge's judicial capacity because such actions constitute normal judicial functions and involve a case pending, or soon to be pending,

AO 72A
(Rev. 8/82)

before the judge. Id. Therefore, even if the judge has delayed in responding to Plaintiff's motion, Plaintiff's claims are barred by judicial immunity.

Prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009)). Initiating a prosecution is intimately associated with the judicial phase of the criminal process. Id. at 1295. Therefore, even if the prosecutor has delayed in bringing charges against Plaintiff, Plaintiff's claims are barred by prosecutorial immunity.

Furthermore, Plaintiff's requested relief is not appropriate for an action filed under § 1983. Plaintiff seeks dismissal of all charges pertaining to the warrants under which he was arrested. This form of relief would be more appropriately sought after conviction in a habeas corpus petition brought under 28 U.S.C. § 2254. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 12th day of December, 2011.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE